## MILES SHOES, Inc., v. R. H. MACY & CO., Inc.

United States District Court
S. D. New York.

Nov. 20, 1951.

Edward G. Roe and William P. Shea, New York City, for plaintiff.

Thomas M. Green, New York City, (Francis C. Browne and Thomas V. Kelly, New York City, of counsel), for defendant.

McGOHEY, District Judge.

This is a suit brought pursuant to Rev. Stat. § 4915, 35 U.S.C.A. § 63, for an adjudication that plaintiff's trade-mark "GRO-PALS" is entitled to registration. There is also sought a judgment declaring invalid the long registered trade-mark "GRO (representation of a tree) SHOE" of the defendant Macy which successfully opposed plaintiff's application in the Patent Office.

The defendant counterclaims for an injunction and damages for infringement.[1]

The plaintiff's evidence failed to establish invalidity of defendant's mark and indeed that claim was not seriously pressed. It was, in effect at least, conceded that the only issue here is whether plaintiff's mark is so confusingly similar to defendant's as to be likely to confuse "an appreciable number of prospective purchasers of the goods".[2] On that issue of fact, as hereafter appears, I find for the plaintiff. I am of the opinion that its mark is entitled to registration.

### Findings Of Fact

1. Plaintiff is a corporation organized and existing under the laws of the State of New York, having its principal office at 345 Hudson Street, City, County and State of New York.

2. Plaintiff owns and operates one hundred forty-five retail shoe stores in the States of New York, Connecticut, New Jersey and Pennsylvania under the name "MILES".

3. The name "MILES" in large letters is prominently displayed as the identification of each of plaintiff's stores and "MILES" is featured in all of its advertising.

4. Defendant is a corporation organized and existing under the laws of the State of New York, having its principal office at

---

1. A claim for damages for unfair competition was withdrawn.

2. Eastern Wine Corporation v. Winslow-Warren, Ltd., 2 Cir., 137 F.2d 955, 960.

151 West 34th Street, City, County and State of New York.

5. Defendant owns and operates retail department stores in the States of New York, New Jersey, Georgia, Ohio, Missouri and California.

6. Defendant's name and business are well and widely known.

7. Defendant is the owner of a trade-mark consisting of the syllable "GRO" followed by a representation of a tree which is followed by the word "SHOE".

8. Defendant's trade-mark is not descriptive.

9. Defendant's trade-mark was registered in the United States Patent Office as No. 192,561 on December 9, 1924 and has been regularly renewed.

10. Defendant's trade-mark, invariably in conjunction with the words "R. H. Macy", is always imprinted either upon the sole or the heel seat of children's shoes sold by defendant.

11. Defendant's shoes are sold only by defendant either at its stores in New York City; Newark, New Jersey; Atlanta, Georgia; Toledo, Ohio; Kansas City, Missouri and San Francisco, California, or by mail order to purchasers in other parts of the United States and abroad.

12. Defendant's advertisements refer to its shoes by the term "GRO-SHOE", the representation of a tree being eliminated.

13. Defendant has sold hosiery under the trade-mark "GRO SOCK" at least since on or about August 1, 1941.

14. The chain of plaintiff's shoe stores was started about the year 1925.

15. Plaintiff was formerly known as Murray M. Rosenberg, Inc., the name of the corporation having been changed to Miles Shoes Incorporated on or about April, 1946.

16. Plaintiff has used the trade-mark "GROPALS" since October 21, 1945, upon shoes, slippers and boots of leather, fabric and combinations thereof, spats and shoe findings—namely, heels, inner and outer soles, uppers, tongues and toe-caps and hosiery.

17. Goods bearing plaintiff's trade-mark "GROPALS" are sold only in its "MILES" shoe stores, and the words "GROPALS" and "MILES" always appear in close proximity to each other on plaintiff's products and in its advertising.

18. On December 6, 1945, Murray M. Rosenberg, Inc. filed trade-mark application No. 492,793 for the mark "GROPALS".

19. The Patent Office Examiner, after having first rejected "GROPALS" on the basis of the "GRO-SHOE" registration, passed it to publication in the Official United States Patent Office Gazette of July 16, 1946.

20. Defendant opposed plaintiff's application for registration. The Commissioner of Patents affirmed the decision of the Examiner of Interferences sustaining defendant's opposition and dismissing plaintiff's counterclaim for cancellation of defendant's registration.

21. Purchasers of children's footwear are parents or other guardians who are particularly careful. They exercise considerable attention and inspect closely.

22. The marks "GROPALS", "GRO (representation of a tree) SHOE", "GRO-SHOE" and "GRO SOCK" are dissimilar in sound and pronounciation.

23. They are dissimilar in appearance.

24. Insofar as they suggest meanings such meanings are dissimilar.

25. Shoes bearing defendant's mark are priced higher than shoes bearing plaintiff's.

26. Products bearing the marks are sold only by their respective owners' stores.

27. Prospective purchasers using ordinary intelligence and care would not be likely to confuse plaintiff's mark with the defendant's marks.

## Conclusions of Law

I. The Court has jurisdiction over the parties.

II. The Court has jurisdiction over the action under Rev. Stat. § 4915, 35 U.S.C.A. § 63.

III. The Court has jurisdiction over the action for a declaratory judgment. The allegation of infringement in defendant's counterclaim establishes the existence of an "actual controversy".

IV. Defendant's trade-mark "GRO (representation of a tree) SHOE", No. 192,561, is valid.

V. Plaintiff's trade-mark "GRO-PALS" does not infringe defendant's trade-marks "GRO (representation of a tree) SHOE", "GRO-SHOE" or "GRO SOCK".

VI. Plaintiff is entitled, according to law, to have its trade-mark "GRO-PALS" registered in the United States Patent Office.